UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 11-11574 |
| DEBRA R. GAUSTELLA | SECTION "B" |
| DEBTOR | CHAPTER 11<br>SMALL BUSINESS |

## MEMORANDUM OPINION

This matter came before the court on June 20, 2012 as a hearing on the debtor's objection to Claim No. 6 filed by 1161 Lake Avenue Condominium Association, Inc. ("Lake Avenue") and the response thereto filed by Lake Avenue. For the reasons set forth below, the court holds that Debra Gaustella (the "debtor"), under state law, is liable on the suspensive appeal bond she posted on behalf of I-10, Inc. only up to the amount stated in the bond.  The court further holds that Lake Avenue's claim is allowed in the amount of $86,000 plus interest at the federal judicial rate from the date of this judgment until paid.

**I.     Background Facts**

The dispute between the parties stems from several state court lawsuits between multiple parties, including, among others, creditor Lake Avenue, the debtor's ex-husband Robert Gaustella, and an entity named I-10, Inc.("I-10").[1]  The debtor was not a party to

---

[1] The suits were filed in the 24th Judicial District Court for Jefferson Parish, State of Louisiana.  They are:

No. 442-941, *Peyton Place Condominium Assn., Inc. v. Robert P. Gaustella, et al.*
No. 615-106, *I-10, Inc. v. Richard Williams, et al.*
No. 640-855, *I-10, Inc. v. 1161 Lake Condominium Assn, Inc, et al.*

any of these original lawsuits, which concerned the payment of condominium association fees and various other claims. Judgment was entered in two of the state court suits on October 25, 2007 against Mr. Gaustella and I-10, Inc. on certain claims, and against Lake Avenue on others.[2] On the whole, however, Lake Avenue came out ahead in the lawsuits at the trial court level, once costs and attorneys' fees were factored into the total. Mr. Gaustella and I-10, Inc. appealed suspensively the trial court's judgment, and in order to do so, they were required to post a suspensive appeal bond. The Louisiana Code of Civil Procedure states:

> The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
>
> 1) When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.[3]

The trial court issued an order requiring a suspensive appeal bond in the amount of $226,090.73.[4] To satisfy this requirement, two bonds were posted. The debtor, Mrs. Gaustella, posted a bond in the amount of $86,000 on behalf of I-10,[5] and I-10 posted a

---

[2] (P-99), Exhibit B. The exact amounts of the relevant judgments will be discussed below.

[3] Louisiana Code of Civil Procedure Article 2124(B)(1).

[4] The court was not provided with this order, but both of the appeal bonds state that this was what the court ordered. *See* (P-99), Exhibit A, (P-192), Exhibit 6. The amounts of the separate bonds do not add up to the total amount of $226, 090.73 stated in the bonds, but that is what they say.

[5] (P-99), Exhibit A.

bond in the amount of $140,332.90 on behalf of Robert Gaustella.[6]  Mr. Gaustella and I-10 did not win their appeal, and Lake Avenue began its attempts to collect on its judgment.

After Lake Avenue attempted to collect from Mr. Gaustella, who had no assets that could be used to satisfy the judgment, the parties entered into a consent judgment dated December 9, 2009.  The consent judgment provided that Lake Avenue was entitled to proceed on the suspensive appeal bond posted by I-10.[7]  Lake Avenue seized and sold a condominium and a promissory note belonging to I-10, realizing some but not all of the judgment amount.  There after, Lake Avenue filed a Rule to Show Cause against Mrs. Gaustella seeking to collect on the appeal bond she had posted.  The state court issued a judgment on November 24, 2010 that stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's Rule to Show Cause Why It Should Not Be Allowed to Proceed Against Debra R. Gaustella as Surety for I-10, Inc. is granted and that any and all assets of Debra R. Gaustella may be seized and sold according to law to satisfy the judgment against I-10, Inc.

Lake Avenue proceeded to attempt foreclosure on Mrs. Gaustella's home, and she then filed a petition seeking relief under Chapter 11 of the Bankruptcy Code, bringing the dispute into this court.  Lake Avenue filed a proof of claim in the debtor's bankruptcy case in the amount of $136,413.70.[8]  The debtor filed an objection to this proof of claim,

---

[6] (P-192), Exhibit 6.

[7] Lake Avenue Exhibit 4, from hearing held June 20, 2012.

[8] Proof of Claim number 6.

3

arguing both that the funds received from the sale of I-10's assets were improperly imputed to the debt, such that the debtor does not owe this amount, and that in any event, the debtor's liability is limited to the amount of the surety bond she posted, i.e., $86,000. Lake Avenue, however, contends that the debtor is responsible for satisfying the remaining amount of its judgment against both Mr. Gaustella and I-10 in the full amount stated in its proof of claim.

## II.    Legal Analysis

In support of its argument that the debtor is responsible for the unpaid portion of its judgment over the amount of the bond she posted, Lake Avenue cites Louisiana Code of Civil Procedure Article 2124(E):

> A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.

Additionally, the suspensive appeal bond signed and posted by the debtor on June 23, 2008 states:

> [t]he undersigned, who is domiciled in the Parish of Jefferson, hereby binds herself as surety for I-10, Inc. and in favor of Jon Gegenheimer, Clerk of the 24th Judicial District Court for the Parish of Jefferson, in the sum of $86,000.00, as security that I-10, Inc. will prosecute its appeal, and satisfy from the proceeds of its property any judgment that may be rendered against I-10, Inc., and, should it fail to satisfy the judgment, the undersigned, as surety, will be liable for the amount of the judgment.[9]

---

[9] (P-99), Exhibit A at p.2.

At first glance, Lake Avenue's argument has appeal; the debtor as surety is liable for the amount of the judgment, meaning the *entire* amount of the judgment. The court finds, however, that a closer look shows that Lake Avenue's position is incorrect.

Article 3043 of the Louisiana Civil Code states: "A legal suretyship is one given pursuant to legislation, administrative act or regulation, or court order." The surety bond at issue in this case is a legal suretyship. Civil Code Article 3067, which is contained in the section of the Civil Code setting forth the articles that pertain to legal suretyship, states in pertinent part: "A surety is not liable for a sum in excess of that expressly stated in his contract." The revision comment to this article, which is dated 1987 states:

> This Article is new. The first sentence of this Article provides that the surety may not be bound for a sum in excess of the total amount stated in his contract even if the statute under which he gave his bond required more. *U.S. v. National Surety Co. of N.Y.*, 187 So.2d 9 (La.1939); *Dougherty v. Peters,* 2 Rob. 537 (1842); *Conn v. U.S. Fidelity & Guaranty Co.,* 13 Orl.App. 99 (1916) *See also* R.S. 9:4812(D)  If the bond is insufficient, the remedy is to get a new bond.

Thus, a judgment in excess of the amount of a bond may not be rendered against a surety, even if the judgment appealed from exceeds that amount.[10]  The court holds that the debtor's total liability to Lake Avenue may not exceed $86,000, the amount of her bond.

This is not the end of our inquiry, however, because the unpaid amount of the judgment against I-10 is still in question.  Lake Avenue contends that because I-10 was itself a surety on the state court judgment, the money paid to date on the judgment should

---

[10] 3 La. Prac. Civ. Proc. Article 2124 (2012); *Succession of Moody*, 149 So.2d 719 (La. Ct. App. 1st Cir. 1962).

5

be credited to the amount owed by Mr. Gaustella, the debtor's ex-husband, leaving I-10, and ultimately the debtor, liable for the remainder. In support of its argument Lake Avenue has submitted a detailed chart of how it has applied the payments it received to date.[11] Essentially, Lake Avenue would like to apply all of the payments it has received to date to the amount of the judgment against Mr. Gaustella, and none of the payments to the judgment against I-10. Needless to say, the debtor disagrees.

The debtor argues that she should be given credit for two pieces of property belonging to I-10 that were seized and sold by Lake Avenue, first a condominium unit that was sold for $55,300, and second a promissory note that was sold for $25,100. Had these assets of I-10 been applied to pay I-10's portion of the judgment, the debtor would be correct, and she would owe a little more than $45,000 to Lake Avenue.

When I-10 signed the consent judgment dated December 9, 2009 allowing Lake Avenue to proceed against it as the surety for Mr. Gaustella, it became liable on a second debt.[12] The Louisiana Civil Code gives an obligor who owes several debts to an obligee the right to impute payment to the debt he intends to pay, and it also states that this intent may be expressed at the time of payment or may be inferred from the circumstances known to the obligee.[13] In this case however, no evidence was presented, nor does either party claim in its argument, that I-10 expressed intent as to which of the debts it intended

---

[11] (P-185), Exhibit 1.

[12] Louisiana Revised Statute 13:4451.

[13] Louisiana Civil Code Article 1864.

to pay when its property was seized. Nor do these circumstances present a situation where the court can hold definitively that Lake Avenue should have inferred an intent one way or the other as to the imputation of the payments.

In cases, such as this, where no imputation was made, the Civil Code provides an order for payment.[14] First, the court must consider whether the debt(s) is already due. Here, both of the debts were due at the time the payment was made. Second, any debt bearing interest should be paid. Here, according to the state court judgment, "interest shall accrue from August 11, 2007 until paid at the rate of eight (8%) percent on the principal sums as follows: Robert P. Gaustella - $64,253.19."[15] Interest on this judgment amount at 8% from August 11, 2007 until today is $26,447.67, for a total amount due of $90,700.86 on just that portion of the judgment bearing interest. This amount exceeds by

---

[14] Louisiana Civil Code Article 1868 states:

> When the parties have made no imputation, payment must be imputed to the debt that is already due.
> If several debts are due, payment must be imputed to the debt that bears interest.
> If all, or none, of the debts that are due bear interest, payment must be imputed to the debt that is secured.
> If several unsecured debts bear interest, payment must be imputed to the debt that, because of the rate of interest, is most burdensome to the obligor.
> If several secured debts bear no interest, payment must be imputed to the debt that, because of the nature of the security, is the most burdensome to the obligor.
> If the obligor had the same interest in paying all debts, payment must be imputed to the debt that became due first.
> If all debts are of the same nature and became due at the same time, payment must be proportionately imputed to all.

[15] (P-99), Exhibit B at p. 2.

over $10,000 the amount realized from the sale of the condominium and the promissory note seized from I-10. Thus, applying the payment made by I-10 to the debt bearing interest does not leave any amount to credit to the part of the debt for which the debtor posted her bond.

The parties disagree as to the exact amount remaining on Lake Avenue's judgment. Fortunately, the exact amount of the remaining judgment against I-10 does not need to be determined because, as stated above, any amount in excess of $86,000 is not the responsibility of the debtor.

### III. Conclusion

The court finds that the debtor's liability to Lake Avenue is limited to the amount of her bond, $86,000. Lake Avenue's claim against the debtor is thus allowed in the amount of $86,000 plus interest at the federal judicial rate from the date of this order until paid. A separate order will be entered in accordance with this opinion.

New Orleans, Louisiana, October 2, 2012.

_____
Jerry A. Brown
U.S. Bankruptcy Judge